UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

(FILED ELECTRONICALLY)

CIVIL ACTION NO.  4:18-CV-66-JHM

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.

ARTHETTA GREGORY                                                      DEFENDANT
221 North Church Street
Madisonville, Kentucky 42431

**COMPLAINT FOR FORECLOSURE**

    Plaintiff, the United States of America, states as follows:

    1.    This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

    2.    Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

    3.    RHS is the holder of a promissory note ("the Note") executed for value on June 4, 1990 by Defendant Arthetta Gregory ("the Borrower").  The principal amount of the Note was $39,300.00, bearing interest at the rate of 8.75 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

    4.    The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on June 5, 1990, in Mortgage Book 377, Page 519, in the Office of the Clerk of Hopkins County, Kentucky.  Through the Mortgage, the Borrower, a single person, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 221 North

Church Street, Madisonville, Hopkins County, Kentucky (the "Property") and described in more detail in the Mortgage. A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5. To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS. A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6. The United States does not seek through this action to impose personal liability against the Borrower for the Borrower's default on the Note and Mortgage. On August 19, 2005, the Borrower filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 05-41898. The Bankruptcy Court granted the Borrower a discharge from personal liability on December 13, 2005.

7. The Borrower has defaulted on the Note and Mortgage by failing to make payments when due.

8. RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable. Further, RHS sent notice to the Borrower of the default and acceleration of the loan.

9. In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

10. The unpaid principal balance on the Note is $23,112.15 with accrued interest of $6,820.46 through January 26, 2017 with a total subsidy granted of $44,439.81, escrow charges of $305.59, and fees assessed of

$2,371.85, for a total unpaid balance of $77,049.86 as of January 26, 2017. Interest is accruing on the unpaid principal balance at the rate of $6.0557 per day after January 26, 2017.

     11.    The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

     12.    The Mortgage granted to RHS by Borrower is a purchase money mortgage. The United States is unaware if the Borrower has a spouse, but even if such spouse existed, pursuant to KRS 392.040(1), any surviving spouse shall not have a spousal interest in land sold in good faith after marriage to satisfy an encumbrance created before marriage or to satisfy a lien for the purchase money.

     13.    There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

     WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

     a.    Judgment against the interests of the Borrower in the Property in the principal amount of $23,112.15, plus $6,820.46 interest as of January 26, 2017, and $44,439.81 for reimbursement of interest credits, escrow charges of $305.59, and fees assessed of $2,371.85, for a total unpaid balance due of $77,049.86 as of January 26, 2017, with interest accruing at the daily rate of $6.0557 from January 26, 2017, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

     b.    That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

     c.    That the United States' lien be enforced and the Property be sold in accordance with Title 28 U.S.C. §§ 2001-2003 subject to easements,

restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

   d. That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

   e. That the Property be adjudged indivisible and be sold as a whole; and

   f. That the United States receive any and all other lawful relief to which it may be entitled.

          UNITED STATES OF AMERICA

          RUSSELL M. COLEMAN
          United States Attorney


          s/ William F. Campbell
          William F. Campbell
          Assistant U.S. Attorney
          717 West Broadway
          Louisville, Kentucky  40202
          Phone:  502/582-5911
          Fax:    502/625-7110
          bill.campbell@usdoj.gov

℘JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
ARTHETTA GREGORY, ET AL.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  HOPKINS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 77,049.86
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/8/2018

SIGNATURE OF ATTORNEY OF RECORD: s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

TYPE OF LOAN

RH-502

STATE
KENTUCKY
COUNTY
HOPKINS
CASE NO.
20-54-▮▮▮▮

Date _____ June 4 _____, 19 90.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in _____

MADISONVILLE, KENTUCKY _____

THE PRINCIPAL SUM OF _____ THIRTY NINE THOUSAND THREE HUNDRED AND 00/100 _____

DOLLARS ($ __39,300.00__ ), plus INTEREST on the UNPAID PRINCIPAL of

__EIGHT AND THREE FOURTHS__ PERCENT ( __8.75__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☒ I. Principal and Interest payments shall be deferred. The interest accrued to _____ August 15 _____, 19 90 shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in __394__ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $ __$39,359.61__ C.B. and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II. Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19 _____, through _____, 19 _____, Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III. Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

$ __$305.00__ on ~~July 4~~ September 15, 19 __90__, and
$ __$305.00__ thereafter on the ~~fourth~~ fifteenth (15th) of each MONTH until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE __THIRTY THREE__ ( __33__ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Position 2                    FmHA 1940-16 (Rev. 8/87)

Exhibit A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_____ARTHETTA GREGORY_____ (BORROWER) (SEAL)

_____ (SPOUSE) (SEAL)

221 North Church Street

Madisonville, Kentucky   42431

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 6500⁰⁰ | 6/4/90 | (8) $ | | (15) $ | |
| (2) $ 11,410⁰⁰ | 7/26/90 | (9) $ | | (16) $ | |
| (3) $ 21,390⁰⁰ | 8/15/90 | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 39,300⁰⁰ | |

☆ U.S. Government Printing Office: 1987-725-431/61618

Position 2    FmHA 1940-16 (Rev. 8/87)

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 10-89)

Position 5

BOOK 377 PAGE 519   JUN 1990

### REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by __Arthetta Gregory, Single__

residing in __Hopkins__ County, Kentucky, whose post office address is __221 North Church Street, Madisonville__, Kentucky __42431__, herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 6/4/1990 | $39,300.00 | 8.75% | 6/4/2023 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky, County(ies) of __Hopkins__:

FmHA 427-1 KY (Rev. 10-89)

Exhibit B

520

A lot located at 221 Church Street, Madisonville, Kentucky on the West side of Church Street and further described as follows:

Beginning at a new iron pin located on the West side of Church Street and West edge of sidewalk 38.36 feet South of a corner post on adjacent lot and running North 79 degrees 20 minutes West 103.0 feet to a new iron pin and the Northwest corner of this described lot; thence turning South 4 degrees 05 minutes West 53.42 feet to an iron pin in old fence line; thence running with the old fence South 79 degrees 20 minutes East 103.0 feet to a point on the west edge of sidewalk on Church Street; thence with said sidewalk North 4 degrees 05 minutes East 53.42 feet to the point of beginning containing 0.126 acre.

Being the same property conveyed to Arthetta Gregory, Single by a deed of conveyance from Superior Construction, Inc., dated June 6, 1990 and of record in Deed Book 421, page 167 in the office of the Hopkins County Court Clerk.

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

521

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

522

Given under the hand(s) and seal(s) of Borrower this __4th__ day of __June__, 19__90__.

_Arthetta Gregory_ (SEAL)

Arthetta Gregory

_____ (SEAL)

STATE OF KENTUCKY } ss:
COUNTY OF __HOPKINS__

Before me, __Kim Burden__, a Notary Public in and for the County of __Hopkins__ personally appeared __Arthetta Gregory__ _____ and _____, his wife, who acknowledged that they executed the foregoing instrument on the __4th__ day of __June__, 19__90__, as their free act and deed.

WITNESS my hand and official seal this __4th__ day of __June__, 19__90__.

_Kim Burden_
Notary Public

(SEAL)
My commission expires: __5/22/92__

**PREPARER'S STATEMENT**

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

__Pam Corbin__
(name)

__16 Court Street, Madisonville, Kentucky 42431__
(address)

_Pam Corbin_
(Signature)

**RECORDER'S CERTIFICATE**

STATE OF KENTUCKY } ss:
COUNTY OF _____

I, __William T. Birdles__, Clerk of the County Court for the County aforesaid, do certify that the foregoing mortgage was on the __5__ day of __June__, 19__90__, lodged for record at __2:45__ o'clock __P__ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this __5__ day of __June__, 19__90__.

_William T. Birdles_
Clerk of _____ County Court
By _____, D.C.

JUN 5 1990

*[handwritten top left:]* 01819J-ūāī Melindas GRIMES -name change-

1951-I

# UNITED STATES DEPARTMENT OF AGRICULTURE
# FARMERS HOME ADMINISTRATION

## Subsidy Repayment Agreement

*[handwritten:]* 39,359.41 after AED (w/S).

Date of Note **6/4/90**  Amount of Note **39,300.00**  Date of mortgage **6/4/90**

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance: **RH-502**

1. Interest credit [XX]
2. Homeownership Assistance Program [ ]

Address of Property: **221 North Church Street**

**Madisonville, Kentucky 42431**

BORROWER: Gregory, Arthetta

CO-BORROWER:

1   This agreement entered into pursuant to 7 CFR 1951-I, between the United States of America, acting through the Farmers Home Administration (FmHA) (herein called "the Government") pursuant to section 521 of Title V of the Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears above (herein sometimes referred to as "borrower"), supplements the note(s) from borrower to the Government as described above, and any promissory note(s) for loans made to borrower in the future by the Government. Such future notes, when executed, will be listed below the signature line of this Subsidy Repayment Agreement.

2   I (we) agree to the conditions set forth in this agreement for the repayment of the subsidy granted me (us) in the form of interest credits or Homeownership Assistance Program (HOAP) subsidy (hereinafter called "subsidy").

3   I (we) agree that the real property described in the mortgage(s) listed above is pledged as security for repayment of the subsidy received or to be received. I (we) agree that the subsidy is due and payable upon the transfer of title or non-occupancy of the property by me (us). I (we) understand that the real estate securing the loan(s) is the only security for the subsidy received. I (we) further understand that I (we) will not be required to repay any of the subsidy from other than the value (as determined by the Government) of the real estate, mortgaged by myself (ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79) SPECIAL PN

*[handwritten bottom right:]* Exhibit C

FmHA Instruction 1951-I
Exhibit A
Page 2

4   I (we) understand that so long as I (we) continue to own the property and occupy the dwelling as my (our) residence, I (we) may repay the principal and interest owed on the loan and defer repaying the subsidy amount until title to the property is conveyed or the dwelling is no longer occupied by me (us). If such a request is made, the amount of subsidy to be repaid will be determined when the principal and interest balance is paid. The mortgage securing the FmHA RH loan(s) will not be released of record until the total amount owed the Government has been repaid.

5   I (we) agree that Paragraph 6 of this agreement is null and void should the property described in the mortgage(s) be voluntarily conveyed to the Government or liquidated by foreclosure.

6   When the debt is satisfied by other than voluntary conveyance of the property to the Government or by foreclosure, I (we) agree that sale proceeds will be divided between the Government and me (us) in the following order:

   (a) Unpaid balance of loans secured by a prior mortgage as well as real estate taxes and assessments levied against the property which are due will be paid.

   (b) Unpaid principal and interest owed on FmHA RH loans for the property and advances made by FmHA which were not subsidy and are still due and payable will be paid to the Government.

   (c) I (we) will receive from the sale proceeds actual expenses incurred by me (us) necessary to sell the property. These may include sales commissions or advertising cost, appraisal fees, legal and related costs such as deed preparation and transfer taxes. Expenses incurred by me (us) in preparing the property for sale are not allowed unless authorized by the Government prior to incurring such expenses. Such expenses will be authorized only when FmHA determines such expenses are necessary to sell the property, or will likely result in a return greater than the expense being incurred.

   (d) I (we) will receive the amount of principal paid off on the loan calculated at the promissory note interest rate.

   (e) Any principal reduction attributed to subsidized interest calculations will be paid to the Government.

   (f) I (we) will receive my original equity which is the difference between the market value of the security, as determined by the FmHA appraisal at the time the first loan subject to recapture of subsidy was made, and the amount of the FmHA loan(s) and any prior lien. This amount is ____0____ and represents ____0____ percent of the market value of the security. (The

PmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by the market value of the security when the loan was closed.) The dollar amounts and percent will be entered at the time this agreement is signed by me (us) and will be part of this agreement.

(g) The remaining balance, after the payments described in (a) thru (f) above have been paid is called <u>value appreciation</u>. The amount of value appreciation to be paid to the Government, in repayment or the subsidy granted, is the lesser of (1) the full amount of the subsidy or (2) an amount determined by multiplying the value appreciation by the appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59    | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119  | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299  | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h) I (we) will receive the amount of value appreciation less the amount paid the Government as determined in (g) above. I (we) will also receive an additional amount in proportion to my original equity by reducing the amount of value appreciation due to the Government by the percent of my (our) original equity as shown in (f) above.

(i) If I (we) am the recipient of HOAP, the amount of value appreciation to be recaptured will be calculated as if I (we) had paid 1 percent interest on the loan, unless the average interest rate paid by me (us) was greater than 1 percent. In such cases it will be determined based on the average interest rate paid by me (us).

(j) If this agreement is for a subsequent loan(s) only, the amount of repayment determined in (g) above will be reduced by the following percent:_____. This percent will be determined by dividing the amount of the loan(s) subject to recapture by the total outstanding RH debt. This percentage will be entered at the time I (we) sign this agreement.

(k) If this agreement is for more than one loan that is subject to recapture, the subsidy repayment computations will be based on the total subsidy granted on all loans.

(9-27-79)   SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary conveyance, or sale of property, the amount of subsidy to be repaid the Government will be determined in the same manner as described in paragraph 6 of this Exhibit but based on the appraised value determined by FmHA instead of sales price. In such cases, the subsidy due the Government will remain a lien on the property until paid. It must be paid upon non occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

_Arthetta Gregory_ Borrower

_____ Co-Borrower

_June 4, 1990_
Date Signed

Accepted and Agreed to
By _Deborah H. Boone_ (FmHA Official)
County Supervisor (Title)

_6-7-90_
Date

oOo