UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

(FILED ELECTRONICALLY)

CIVIL ACTION NO. 4:18-CV-66-JHM

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.

ARTHETTA GREGORY                                                     DEFENDANT
221 North Church Street
Madisonville, Kentucky 42431

## FIRST AMENDED COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

### COUNT ONE

3.      RHS is the holder of a promissory note ("the Note") executed for value on June 4, 1990 by Defendant Arthetta Gregory ("the Borrower").  The principal amount of the Note was $39,300.00, bearing interest at the rate of 8.75 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on June 5, 1990, in Mortgage Book 377, Page 519, in the Office of the Clerk of Hopkins County, Kentucky.  Through the Mortgage, the Borrower, a single person, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 221 North Church Street, Madisonville, Hopkins County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.      To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.      The United States does not seek through this action to impose personal liability against the Borrower for the Borrower's default on the Note and Mortgage.  On August 19, 2005, the Borrower filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 05-41898.  The Bankruptcy Court granted the Borrower a discharge from personal liability on December 13, 2005.

7.      The Borrower has defaulted on the Note and Mortgage by failing to make payments when due.

8.      RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the Borrower of the default and acceleration of the loan.

9.      In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

10.      The unpaid principal balance on the Note is $23,112.15 with accrued interest of $6,820.46 through January 26, 2017 with a total subsidy granted of $44,439.81, escrow charges of $305.59, and fees assessed of $2,371.85, for a total unpaid balance of $77,049.86 as of January 26, 2017.  Interest is accruing on the unpaid principal balance at the rate of $6.0557 per day after January 26, 2017.

11.      The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

12.      The Mortgage granted to RHS by Borrower is a purchase money mortgage.  The United States is unaware if the Borrower has a spouse, but even if such spouse existed, pursuant to KRS 392.040(1), any surviving spouse shall not have a spousal interest in land sold in good faith after marriage to satisfy an encumbrance created before marriage or to satisfy a lien for the purchase money.

13.      There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

COUNT TWO

14.      Paragraphs 1 through 13 of this First Amended Complaint are hereby incorporated by reference as if set forth fully herein.

15.      Due to a mutual mistake, and scrivener's error, the property description contained in the Mortgage granting RHS a security interest in the Property mistakenly stated that the deed of conveyance was dated June 6, 1990, when in fact it was dated June 4, 1990 and recorded on June 5, 1990.  **Exhibit D: Deed**.

16.     The parties intended that the Mortgage should include the correct legal

description of the Property.

17.     Plaintiff requests that this Court reform the Mortgage to correct the legal

description to conform to the legal description as set forth below:

> A lot located at 221 Church Street, Madisonville, Kentucky on the West side of
> Church Street and further described as follows:
>
> Beginning at a new iron pin located on the West side of Church Street and West
> edge of sidewalk 38.36 feet South of a corner post on adjacent lot and running
> North 79 degrees 20 minutes West 103.0 feet to a new iron pin and the Northwest
> corner of this described lot; thence turning South 4 degrees 05 minutes West
> 53.42 feet to an iron pin in old fence line; thence running with the old fence South
> 79 degrees 20 minutes East 103.0 feet to a point on the West edge of sidewalk on
> Church Street; thence with said sidewalk North 4 degrees 05 minutes East 53.42
> feet to the point of beginning containing 0.126 acre.
>
> Being the same property conveyed to Arthetta Gregory, Single by a deed of
> conveyance from Superior Construction, Inc., dated June *4*, 1990 and of record in
> Deed Book 491, page 169 in the office of the Hopkins County Court Clerk.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.     Judgment against the interests of the Borrower in the Property in the principal

amount of $23,112.15, plus $6,820.46 interest as of January 26, 2017, and $44,439.81 for

reimbursement of interest credits, escrow charges of $305.59, and fees assessed of $2,371.85, for

a total unpaid balance due of $77,049.86 as of January 26, 2017, with interest accruing at the

daily rate of $6.0557 from January 26, 2017, until the date of entry of judgment, and interest

thereafter according to law, plus any additional costs, disbursements and expenses advanced by

the United States;

b.     That the United States be adjudged a lien on the Property, prior and superior to

any and all other liens, claims, interests and demands, except liens for unpaid real estate ad

valorem taxes;

4

c.        That the United States' lien be enforced and the Property be sold in accordance

with Title 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record,

but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real

property taxes;

d.        That the proceeds from the sale be applied first to the costs of this action, second

to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs

and fees due the United States, with the balance remaining to be distributed to the parties as their

liens or interests may appear;

e.        That the Property be adjudged indivisible and be sold as a whole; and

f.        That the scrivener's error in the Mortgage be reformed to reflect the correct dates

the Deed was signed and recorded.

g.        That the United States receive any and all other lawful relief to which it may be

entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney


s/ William F. Campbell
William F. Campbell
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:    502/625-7110
bill.campbell@usdoj.gov
