UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO


(FILED ELECTRONICALLY)


CIVIL ACTION NO. 4:18-cv-00066-JHM

UNITED STATES OF AMERICA                                          PLAINTIFF

vs.


STEVEN LANGLEY, as heir                                          DEFENDANTS
of Arthetta Gregory
431 E. Noel Avenue
Madisonville, KY 42431-1720

LESLIE FORT, as heir
of Arthetta Gregory
431 E. Noel Avenue
Madisonville, KY 42431-1720

DELORES SMITH FORT, as spouse
of Leslie Fort
65 Reeves Street
Norcross, GA 30071-4233

ERIC "RIC" LANGLEY, as heir
of Arthetta Gregory
214 Wiman Drive
Madisonville, KY 42431-1148

RODNEY RADFORD, as heir
of Arthetta Gregory
Cross Creek Apartments
1505 Island Ford Road, Apt. 102
Madisonville, KY 42431

DONALD LANGLEY, as heir
of Arthetta Gregory
144 Center Ridge Drive
Providence, KY 42450-1168

DEARLO SHEPHERD as Heir of
Marlon D. Gregory
a/k/a Monty Gregory, an heir of
Arthetta Gregory
210 W. Main Street
Earlington, KY 42410-1212

TRESSALYN SHEPHERD
a/k/a TRESSALYN N. DRAKE and
A SHEPHERD'S LOVE DAYCARE CENTER,
as spouse of Dearlo Shepherd
768 Grapevine Road, Apt. B
Madisonville, KY 42431-2932

HELEN GREGORY, as spouse of
Marlon D. Gregory a/k/a Monty Gregory,
an heir of Arthetta Gregory
745 Washington Blvd., Apt. A
Madisonville, KY 42431-3158

GARY LANGLEY, as heir of Arthetta Gregory
1100 Eastside Lane, Apt. 3
Madisonville, KY 42431-2277

TRINITY LOVE A/K/A TRINITY LANGLEY,
as spouse of Gary Langley
1100 Eastside Lane, Apt. 3
Madisonville, KY 42431-2277

ANY UNKNOWN HEIRS AND SPOUSES
OF HEIRS OF ARTHETTA GREGORY
*Serve*: Warning Order Attorney

ANY UNKNOWN SPOUSE OF ARTHETTA GREGORY
*Serve*: Warning Order Attorney

UNKNOWN OCCUPANT(S), TENANT(S) OR LESSEE(S) OF
221 N. CHURCH STREET, MADISONVILLE, KENTUCKY
*Serve*: Warning Order Attorney

ANY UNKNOWN HEIRS AND SPOUSES
OF HEIRS OF MARLON D. GREGORY,
A/KA/ MONTY GREGORY, as heir of Artheta Gregory
*Serve*: Warning Order Attorney

STEPHEN K. CARVER and his wife,
SAMANTHA CARVER
*Serve*: Frymire, Evans, Peyton, Teague & Cartwright
1 S. Main Street, Suite 3
POB 695
Madisonville, KY 42431

ATLANTIC CREDIT & FINANCE
*Serve*: Corporation Service Company,
Registered Agent
421 West Main Street
Frankfort, KY 40601
And
*Serve*: Lloyd & McDaniel, PLC
700 N. Hurstbourne Parkway
Louisville, KY 40222
Attorney for Judgment Creditor

CAPITAL ONE BANK
*Serve*: Weber and Olcese
2401 Stanley Gault Parkway
Louisville, KY 40223
Attorney for Judgment Creditor

NCO PORTFOLIO MANAGEMENT INC.
*Serve*: Lloyd & McDaniel, PLC
700 N. Hurstbourne Parkway
Louisville, KY 40222
Attorney for Judgment Creditor

REGIONAL MEDICAL CENTER
*Serve*: Logan, Morton & Ratliff
49 Union Street
Madisonville, KY 42431
Attorney for Judgment Creditor

TROVER CLINIC FOUNDATION INC.
*Serve*: Logan, Morton & Ratliff
49 Union Street
Madisonville, KY 42431
Attorney for Judgment Creditor

FRIENDLY FINANCE CORPORATION
*Serve*: C T Corporation System, Registered Agent
306 W. Main Street, Suite 512
Frankfort, KY 40601
And
*Serve*: Greene & Cooper, LLP
2210 Greene Way
Louisville, KY 40220
Attorney for Judgment Creditor

COMMONWEALTH OF KENTUCKY
Serve: Attorney General
700 Capitol Avenue, Suite 118
Frankfort, KY 40601-3449

## FOURTH AMENDED COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, states as follows:

1.     This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the United States Department of Agriculture Rural Housing Service also known as Rural Development (hereinafter collectively "RHS").

2.     Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

### COUNT ONE

3.     RHS is the holder of a promissory note ("the Note") executed for value on June 4, 1990 by Arthetta Gregory ("the Borrower").  The principal amount of the Note was $39,300.00, bearing interest at the rate of 8.75 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.     The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on June 5, 1990, in Mortgage Book 377, Page 519, in the Office of the Clerk of Hopkins County, Kentucky.  Through the Mortgage, the Borrower, a single person, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 221 North Church Street, Madisonville, Hopkins County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.     To receive subsidies on the loan, the Borrower signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrower by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.     The United States does not seek through this action to impose personal liability against the Borrower for the Borrower's default on the Note and Mortgage.  On August 19, 2005, the Borrower filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Western District of Kentucky, Case No. 05-41898.  The Bankruptcy Court granted the Borrower a discharge from personal liability on December 13, 2005.

7.     The Borrower has defaulted on the Note and Mortgage by failing to make payments when due and by no longer residing at the Property.

8.     RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice of the default and acceleration of the loan.

9. In accordance with the loan documents, the United States is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

10. The unpaid principal balance on the Note is $23,112.15 with accrued interest of $6,820.46 through January 26, 2017 with a total subsidy granted of $44,439.81, escrow charges of $305.59, and fees assessed of $2,371.85, for a total unpaid balance of $77,049.86 as of January 26, 2017.  Interest is accruing on the unpaid principal balance at the rate of $6.0557 per day after January 26, 2017.

11. The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

12. The Mortgage granted to RHS by Borrower is a purchase money mortgage.  The United States is unaware if the Borrower has a spouse, but even if such spouse existed, pursuant to KRS 392.040(1), any surviving spouse shall not have a spousal interest in land sold in good faith after marriage to satisfy an encumbrance created before marriage or to satisfy a lien for the purchase money.

13. The Borrower passed away on March 3, 2014.  Upon her death, all right, title and interest in the Property vested in her heirs at law.  Upon information and belief, the Borrower died intestate.  As of the date of this filing, Plaintiff knows of no probate action filed in the name of the Borrower.

14. The United States names **Steven Langley**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

6

15.     On December 12, 2019, an Order of Appointment of Guardian for Defendant **Steven Wayne Langley** was recorded in the Hopkins County Clerk's office in Book 119, page 7.  The guardian appointed for **Steven Wayne Langley** is his brother and defendant **Leslie K. Fort**.  A copy of the Order is attached as **Exhibit E** and incorporated by reference as if set forth fully herein.

16.     The United States names **Leslie Fort**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

17.     The United States names **Delores Smith Fort**, as spouse to Leslie Fort, as a Defendant to allow this Defendant to assert whatever right, title or claim she may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

18.     The United States names **Eric "Ric" Langley**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

19.     The United States names **Rodney Radford**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

20.     The United States names **Donald Langley**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the

Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

21.     Marlon D. Gregory a/k/a Monty Gregory, an heir of the Borrower and previously named as a defendant in the Second Amended Complaint, passed away on or about February 23, 2019.  Upon information and belief, Marlon D. Gregory died intestate.  The United States has conducted a search of probate records, and found no filing involving Marlon D. Gregory a/k/a Monty Gregory.  Upon the death of Marlon D. Gregory a/k/a Monty Gregory, his title and in interest in the Property passed to his heir(s).  The United States names as a defendant **Dearlo Shepherd**, as heir of Marlon D. Gregory a/k/a Monty Gregory as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

22.     The United States names **Tressalyn Shepherd also known as Tressalyn N. Drake and A Shepherd's Love Daycare Center**, spouse of Dearlo Shepherd, as a Defendant to allow this Defendant to assert whatever right, title or claim she may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

23.     The United States names **Helen Gregory**, as spouse of Marlon D. Gregory a/k/a Monty Gregory, as a Defendant to allow this Defendant to assert whatever right, title or claim she may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

24.     The United States names **Gary Langley**, an heir of the Borrower, as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property

or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

25.     The United States names **Trinity Love a/k/a Trinity Langley**, as spouse of Gary Langley, as a Defendant to allow this Defendant to assert whatever right, title or claim she may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

26.     The United States names **Any Unknown Heirs and Spouses of Heirs of Arthetta Gregory** as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof, or be forever barred. This Defendant's interest, if any, is inferior to the rights of the United States.

27.     The United States names **Any Unknown Spouse of Arthetta Gregory** as a Defendant to allow this Defendant to assert whatever right, title or claim he may have in or to the Property or to the proceeds from the sale thereof, or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States

28.     The United States names **Any Unknown Occupant(s), Tenant(s) or Lessee(s) of 221 N. Church Street, Madisonville, Kentucky** as a Defendant, and this Defendant may claim an interest in the Property, which interest is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the Plaintiff.  Said Defendant is called upon to come forth and assert interests in or claims upon the Property, and offer proof thereof, or be forever barred.

29.     The United States names **Any Unknown Heirs and Spouses of Heirs of Marlon D. Gregory a/k/a Monty Gregory** as a Defendant to allow this Defendant to assert whatever right, title or claim they may have in or to the Property or to the proceeds from the sale thereof,

or be forever barred.  This Defendant's interest, if any, is inferior to the rights of the United States.

30.     Defendants **Stephen K. Carver and his wife, Samantha Carver** may claim an interest in the Property by virtue of a Notice of Judgment Lien against Marlon Gregory and his wife, Helen Gregory, recorded on September 30, 2004 in Encumbrance Book 57, Page 354 in the Hopkins County Clerk's Office, a copy of which is attached as **Exhibit F**.  The interest of these Defendants is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon these Defendants to come forth and assert their interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

31.     Defendant **Atlantic Credit & Finance** may claim an interest in the Property by virtue of a Notice of Judgment Lien against Rodney M. Radford, recorded on April 11, 2007 in Encumbrance Book 66, Page 97 in the Hopkins County Clerk's Office, a copy of which is attached as **Exhibit G**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

32.     Defendant **Capital One Bank** may claim an interest in the Property by virtue of a Notice of Judgment Lien against Rodney Radford, recorded on November 27, 2007 in Encumbrance Book 69, Page 192 in the Hopkins County Clerk's Office, a copy of which is attached as **Exhibit H**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

33.     Defendant **NCO Portfolio Management Inc.** may claim an interest in the Property by virtue of a Notice of Judgment Lien against Rodney M. Radford, recorded on October 6, 2008 in Encumbrance Book 78, Page 286 in the Hopkins County Clerk's Office, a copy of which is attached as **Exhibit I**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

34.     Defendant **Regional Medical Center** may claim an interest in the Property by virtue of a Notice of Judgment Lien against Marlon Demille Gregory and Helen Louise Gregory, recorded on October 17, 2008 in Encumbrance Book 78, Page 500 in the Hopkins County Clerk's Office, a copy of which is attached as **Exhibit J**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

35.     Defendant **Trover Clinic Foundation** may claim an interest in the Property by virtue of a Notice of Judgment Lien against Marlon D. Gregory, recorded on January 15, 2009 in Encumbrance Book 80, Page 61 in the Hopkins County Clerk's Office, a copy of which is attached as **Exhibit K**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

36.     Defendant **Friendly Finance Corporation** may claim an interest in the Property by virtue of a Notice of Judgment Lien against Dearlo Shepherd, recorded on March 31, 2010 in Encumbrance Book 88, Page 435 in the Hopkins County Clerk's Office, a copy of which is

attached as **Exhibit L**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

37.     Defendant **Commonwealth of Kentucky** may claim an interest in the Property by virtue of a Notice of Lien against Tressalyn N. Shepherd, recorded on July 11, 2019 in Encumbrance Book 117, Page 612 in the Hopkins County Clerk's Office, a copy of which is attached as **Exhibit M**.  The interest of this Defendant is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the Plaintiff calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

38.     In addition to the mortgage indebtedness, the United States of America, by and through its agency Internal Revenue Service, holds a second claim against and lien upon the Property by virtue of a Federal Tax Lien securing the payment of taxes in the amount of $29,698.93, respectively, plus all additional penalties, interest, and costs which may accrue. This Federal Tax Lien was recorded on August 26, 2019 in Encumbrance Book 118, Page 84, in the Hopkins County Clerk's Office, all of which constitute a lien on all property and rights to property belonging to the taxpayer, the defendant, Tressalyn N. Shepherd, including the Property which is the subject of this action, in favor of the United States of America, United States Treasury Department, Internal Revenue Service, a copy of which is attached as **Exhibit N**. Plaintiff hereby asserts the claim of the Internal Revenue Service, and requests that it attach to the proceeds of the foreclosure sale of the Property with the same priority as it attaches to the Property.

39.     There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

## COUNT TWO

40.     Paragraphs 1 through 28 of this Third Amended Complaint are hereby incorporated by reference as if set forth fully herein.

41.     Due to a mutual mistake, and scrivener's error, the property description contained in the Mortgage granting RHS a security interest in the Property mistakenly stated that the deed of conveyance was dated June 6, 1990, when in fact the deed was dated June 4, 1990 and recorded on June 5, 1990.  **Exhibit D: Deed**.

42.     The parties intended that the Mortgage should include the correct legal description of the Property.

43.     Plaintiff requests that this Court reform the Mortgage to correct the legal description to conform to the legal description as set forth below:

A lot located at 221 Church Street, Madisonville, Kentucky on the West side of Church Street and further described as follows:

Beginning at a new iron pin located on the West side of Church Street and West edge of sidewalk 38.36 feet South of a corner post on adjacent lot and running North 79 degrees 20 minutes West 103.0 feet to a new iron pin and the Northwest corner of this described lot; thence turning South 4 degrees 05 minutes West 53.42 feet to an iron pin in old fence line; thence running with the old fence South 79 degrees 20 minutes East 103.0 feet to a point on the West edge of sidewalk on Church Street; thence with said sidewalk North 4 degrees 05 minutes East 53.42 feet to the point of beginning containing 0.126 acre.

Being the same property conveyed to Arthetta Gregory, Single by a deed of conveyance from Superior Construction, Inc., dated June *4*, 1990 and of record in Deed Book 491, page 169 in the office of the Hopkins County Court Clerk.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

13

a.      *In rem* judgment against the interests of the Defendants in the Property in the principal amount of $23,112.15, plus $6,820.46 interest as of January 26, 2017, and $44,439.81 for reimbursement of interest credits, escrow charges of $305.59, and fees assessed of $2,371.85, for a total unpaid balance due of $77,049.86 as of January 26, 2017, with interest accruing at the daily rate of $6.0557 from January 26, 2017, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.      That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.      That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.      That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.      That the Property be adjudged indivisible and be sold as a whole; and

f.      That the scrivener's error in the Mortgage be reformed to reflect the correct dates the Deed was signed and recorded.

g.      That the United States receive any and all other lawful relief to which it may be entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney


s/ William F. Campbell
William F. Campbell
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:    502/625-7110
bill.campbell@usdoj.gov